JAMES J. VILT, JR. - CLERK
APR 14 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

FILED
JAMES J. VILT, JR. - CLERK
APR 14 2025
U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 3:24-CR-00112-2-DJH

**BRUCE A. MILLS**  DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, United States Attorney for the Western District of Kentucky, and defendant, **BRUCE A. MILLS**, and his attorney, Hon. Rob Eggert, have agreed upon the following:

1.  Defendant acknowledges that he has been charged in the Indictment with the following: **Count 1**, violation of Title 21, U.S.C. § 846, relating to on or about and between January 8, 2024 and May 9, 2024, a conspiracy to possess with intent to distribute controlled substances; **Count 2**, violation of Title 21 U.S.C. § 841, relating to on or about January 8, 2024, aiding and abetting possession with intent to distribute five (5) grams or more of methamphetamine and a mixture and substance containing metonitazene; and **Count 3**, violation of Title 21 U.S.C. § 841, relating to on or about February 6, 2024, aiding and abetting possession with intent to distribute five (5) grams or more of methamphetamine and a mixture and substance containing fentanyl; **Count 4**, violation of Title 21 U.S.C. § 841, relating to on or about March 3, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing fentanyl; **Count 5**, violation of Title 21 U.S.C. § 841, relating to on or about March 16, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing fentanyl; **Count 6**,

violation of Title 21 U.S.C. § 841, relating to on or about March 27, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing fentanyl; **Count 7**, violation of Title 21 U.S.C. § 841, relating to on or about March 3, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing metonitazene; **Count 8**, violation of Title 21 U.S.C. § 841, relating to on or about April 23, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing metonitazene; **Count 9**, violation of Title 21 U.S.C. § 841, relating to on or about April 30, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine and a mixture and substance containing metonitazene; **Count 10**, violation of Title 21 U.S.C. § 841, relating to on or about May 9, 2024, aiding and abetting possession with intent to distribute fifty (50) grams or more of methamphetamine; and **Count 11**, **(To be dismissed)**, violation of Title 18 U.S.C. § 924(c), relating to on or about May 9, 2024, possession of firearms in furtherance of drug trafficking.

2. Defendant has read the charge against him contained in the Indictment, and that charge has been fully explained to him by his attorneys. Defendant fully understands the nature and elements of the crime with which he has been charged.

3. Defendant will enter a voluntary plea of guilty to all of the counts of the Indictment. Defendant will plead guilty because he is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

**Count 1**:
On or about and between January 8, 2024 and May 9, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendants, **BRUCE A. MILLS** and Frank H. Brown, knowingly conspired with each other and other persons, known and unknown to the Grand Jury, to knowingly and intentionally possess with intent to distribute controlled substances, to include: fifty (50) grams or more of methamphetamine; a mixture and substance

2

containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl"; and a mixture or substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene", a Schedule I controlled substance as defined in Title 21, United States Code, Section 812.

**Count 2**:

On or about January 8, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute five (5) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.358 grams of metonitazene (Ex. 1) and 26.42 grams of methamphetamine (Ex. 2).

**Count 3**:

On or about February 6, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute five (5) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.145 grams of fentanyl (Ex. 3) and 34.57 grams of methamphetamine (Ex. 4).

**Count 4**:

On or about March 3, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.758 grams of fentanyl (Ex. 5) and 51.233 grams of methamphetamine (Ex. 6).

**Count 5**:

On or about March 16, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.64 grams of fentanyl (Ex. 7) and 108.76 grams of methamphetamine (Ex. 8).

**Count 6**:

On or about March 27, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N-phenyl-N-[(1-(2-phenethyl)-4-piperidinyl] propanamide, commonly known as "fentanyl".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.403 grams of fentanyl (Ex. 9) and 107.58 grams of methamphetamine (Ex. 10).

**Count 7**:

On or about April 8, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.949 grams of metonitazene (Ex. 11) and 168.72 grams of methamphetamine (Ex. 12).

**Count 8**:

On or about April 23, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.644 grams of metonitazene (Ex. 13) and 177.31 grams of methamphetamine (Ex. 14).

**Count 9**:

On or about April 30, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine, and a mixture and substance containing a detectable amount of N,N-diethyl-2-(2-(4-methoxybenzl)-5-nitro-1H-benzimidazol-1-yl)ethan-1-amine, commonly known as "metonitazene".

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 3.413 grams of metonitazene (Ex. 15) and 109.45 grams of methamphetamine (Ex. 16).

**Count 10:**

On or about May 9, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendants, **BRUCE A. MILLS** and Frank H. Brown, aided and abetted by each other and others, known and unknown to the Grand Jury, knowingly and intentionally possessed with intent to distribute fifty (50) grams or more of methamphetamine.

Laboratory analysis by the DEA Mid Atlantic Laboratory determined the defendants distributed 52.11 grams of methamphetamine (Ex. 17).

On or about May 9, 2024, in the Western District of Kentucky, Jefferson County, Kentucky, the defendant, **BRUCE A. MILLS**, knowingly possessed a firearm, that is: a SCCY Industries, model CPX-2, nine-millimeter handgun, bearing serial number 88994; a Glock, model 19 Gen 5, 9 x 19 handgun, bearing serial number BZBL502; and a Tisas, model 1911 A1, .45 caliber handgun, serial number T0620-22Z14480.

At trial, the United States would introduce witness testimony regarding the conspiracy between the defendants, **BRUCE A. MILLS** and Frank H. Brown, and others to distribute controlled substances and the defendants' possession with intent to distribute controlled substances as stated in Counts 1 through 10. The United States would introduce video, audio recordings, and the controlled substances of acquired by law enforcement during controlled buys from the defendants identified above in Counts 2 through 9. The United States would introduce controlled substances and drug paraphernalia recovered from the defendants by execution of a search warrant as related to count 10 and firearms recovered from **BRUCE A. MILLS**. The United States would also introduce evidence recovered from Frank H. Brown by execution of a search warrant on or about October 21, 2024, to include drug paraphernalia, firearms, cash, jewelry and controlled substances to include fentanyl.

4. Defendant understands that the charge to which he will plead guilty carries the following penalty: **Count 1**, (Methamphetamine) a mandatory minimum of ten (10) years' imprisonment, maximum of up to Life imprisonment, a fine up to $10,000,000, and no less than five (5) years' supervised release up to a term of Life; (Fentanyl) Not more than twenty (20) years imprisonment, a fine up to $1,000,000, and no less than three (3) years' supervised release up to a term of Life; **Counts 2-3**, (Methamphetamine) a mandatory minimum of five (5) years' imprisonment, maximum of up to Life imprisonment, a fine up to $5,000,000, and no less than four (4) years' supervised release up to a term of Life; (Fentanyl/Metonitazene) Not more than twenty (20) years imprisonment, a fine up to $1,000,000, and no less than three (3) years'

supervised release up to a term of Life (each count); **Counts 4-9**, (Methamphetamine) a mandatory minimum of ten (10) years' imprisonment, maximum of up to Life imprisonment, a fine up to $10,000,000, and no less than five (5) years' supervised release up to a term of Life; (Fentanyl/Metonitazene) Not more than twenty (20) years imprisonment, a fine up to $1,000,000, and no less than three (3) years' supervised release up to a term of Life (each count); **Count 10**, (Methamphetamine) a mandatory minimum of ten (10) years' imprisonment, maximum of up to Life imprisonment, a fine up to $10,000,000, and no less than five (5) years' supervised release up to a term of Life; **Total**, a mandatory minimum of fifteen (10) years' imprisonment, maximum of up to Life imprisonment, a fine up to $90,000,000, and no less than five (5) years' supervised release up to a term of Life. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which he will plead guilty he may be ordered to forfeit any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes admitted to in this plea agreement.

5. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including his attorney or the U.S. District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea

6

may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A. **The right to a public and speedy trial:** If defendant persists in a plea of not guilty to the charge against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. **The right to confront and produce evidence**: At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

C. **The right against self-incrimination:** At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

9. Defendant understands that the United States will inform the court that <u>no restitution</u> is owed. The defendant further understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required

10. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount $100 per count for felony offenses involving individuals to the United States District Court Clerk's Office by the date of sentencing.

11. At the time of sentencing, the United States and the defendant agree to the following:

> -Agree to a sentence of 120 months imprisonment as the appropriate disposition of this case;
>
> -Agree to a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea;

-Agree to a term of not less than five (5) years' supervised release;

-Agree to a fine at the low end of guidelines as determined by the Court to apply in this case, provided the Court determines the defendant has the ability to pay a fine;

-Agree to forfeiture as outlined in paragraph 14 below; and

-Agree to a dismissal of Count 11 of the Indictment.

12. Both parties have reserved for sentencing all arguments relating to the applicable advisory guideline range.

A. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history.

B. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

13. Defendant agrees to the following waivers of appellate and post-conviction rights:

A. The Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right to directly appeal his conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742.

B. The Defendant is aware of his right to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, Defendant knowingly and voluntarily waives any collateral attack argument; and

C. The defendant knowingly and voluntarily agrees to limit any motion for compassionate release for extraordinary and compelling reasons, pursuant to 18 U.S.C. §3582(c)(1)(A)(i), that the defendant may file in the future to the grounds listed in USSG §1B1.13(b)(1)-(5). The defendant knowingly and voluntarily waives the option to move for compassionate release based on any non-retroactive change in the law, including as provided for under proposed amended USSG §1B1.13(b)(6) ("Unusually Long Sentence").

14. Defendant agrees to the forfeiture of any interest he or his nominees may have in the Defendant's property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the crimes contained within this Indictment, including, but not limited to: jewelry seized from **BRUCE A. MILLS** during execution of a search warrant on or about May 9, 2024, and all firearms and firearm accessories (seized ammunition, magazines, etc) including but not limited to: a SCCY Industries, model CPX-2, nine-millimeter handgun, bearing serial number 88994; a Glock, model 19 Gen 5, 9 x 19 handgun, bearing serial number BZBL502; and a Tisas, model 1911 A1, .45 caliber handgun, serial number T0620-22Z14480; and assorted rounds of ammunition.

15. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

16. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

19. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty. Specifically, all of the United States' promises, including any consent to a plea to a lesser included offense or dismissal of other charges, are contingent on the district court's subsequent acceptance of this plea agreement. If this agreement allows Defendant to plead to a lesser-included offense, Defendant agrees that his original charges will automatically be reinstated and Defendant waives any double jeopardy rights he/she may have

with respect to the greater offense if the court subsequently rejects the parties' plea agreement--even if Defendant declines to withdraw his guilty plea to the lesser-included offense.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

21. The Defendant understands and agrees that, consistent with the provisions of 18 U.S.C. § 3143, following the change of plea the defendant may be detained pending sentencing.

22. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
United States Attorney

By:

_____     4-14-2025
Mac Shannon                         Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____Bruce Mills_____      _4-14-2025_
Bruce A. Mills                          Date
Defendant


    I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____Rob Eggert_____      _4/14/25_
Rob Eggert                              Date
Counsel for Defendant

13